# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, POND, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist WINSLOW STANLEY, JR.**
**United States Army, Appellant**

ARMY 20220618

Headquarters, Fort Stewart
Albert G. Courie III and Clay M. West, Military Judge
Colonel Tanasha N. Stinson, Staff Judge Advocate

For Appellant: Major Robert W. Rodriguez, JA; Captain Kevin T. Todorow, JA.

For Appellee: Colonel Jacqueline J. DeGaine, JA.

29 March 2024

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of attempted indecent viewing, one specification of unlawful entry, and two specifications of an assimilated state charge for "Peeping Tom," in violation of Articles 80, 129, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 929, and 934 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for a total of twelve months, and reduction to the grade of E-1.

## DISCUSSION

Appellant argues in his filing (by footnote) that the language "on one or more occasion" should be stricken from Specification 2 of Charge I and Specification 2 of Additional Charge I because the evidence presented at appellant's guilty plea supports only a single act occurring for these two specifications. We agree. Pursuant to *United States v. English*, 79 M.J. 116, 120 (C.A.A.F. 2019), this court may narrow the scope of appellant's convictions to conduct we deem factually and

legally sufficient. We therefore affirm only so much of the guilty finding of Specification 2 of Charge I as follows:

> In that [appellant], U.S. Army, did, at or near Fort Stewart, Georgia, between on or about 1 November 2021, and on or about 20 January 2022, attempt to, without legal justification or lawful authorization knowingly and wrongfully view the private area of Mrs. ███████ without her consent and under circumstances in which Mrs. ███████ had a reasonable expectation of privacy.

For Specification 2 of Additional Charge I, we affirm so much of the guilty finding as follows:

> In that [appellant], U.S. Army, did, at or near Fort Stewart, Georgia, between on or about 1 February 2022, and on 17 May 2022, unlawfully enter the barracks room of Sergeant ███████ to wit: Building ███ Room ███.

## CONCLUSION

The remaining findings of guilty and the sentence are AFFIRMED.*

FOR THE COURT:



JAMES W. HERRING, JR.
Clerk of Court

---

* We have given full and fair consideration to the issues personally raised by appellant before this Court pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they warrant neither discussion nor relief.